**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1-CR-07-148 (11)** |
| **Plaintiff** | : | **(Judge Beckwith)** |
| vs. | : | **DEFENDANT'S SENTENCING MEMORANDUM** |
| **CERAN LIPSCOMB** | : | |
| **Defendant** | : | |

Comes now the defendant, through his counsel, Michael J. Wiethe, and submits the following Sentencing Memorandum setting forth factors that the court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

The Supreme Court in ***U.S. v. Booker***, 25 S.Ct. 738 (2005) found the mandatory nature of the Sentencing Guidelines inconsistent with the Sixth Amendment to the U.S. Constitution, Id., at 756. Accordingly, the court directed that the guidelines be treated as advisory and just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a). Id. at 757. The court in ***Rita v. United States***, 127 S. Ct. 2456 (2007), reaffirmed this, noting that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Id. at 12.

Under 18 U.S.C. §3661, "no limitation shall be placed on the information concerning the background character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." This statutory language certainly overrides the policy statements in U.S.S.G. §5H1 which direct that a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol

dependence, and a lack of guidance as a youth all be treated as "not ordinarily relevant" to sentencing.

## APPLICATION OF THE STATUTORY SENTENCING FACTORS TO THE FACTORS OF THE CASE

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but no greater than necessary, to satisfy the purposes of sentencing.

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender

The offense conduct was correctly stated in the Pre-Sentence Investigation (p. 12, No. 58, 59 & 60).

Mr. Lipscomb's role in the offense consisted of allowing his use of his residence for purposes of storing, packaging and distributing the marijuana. He did nothing further towards the distribution or sale of the marijuana outside of his apartment. He was promised $2,000.00 payment for use of his apartment but he never received the payment since he was arrested and the conspiracy was terminated before payment.

Mr. Lipscomb had no, other role in the conspiracy or in the organization controlling the conspiracy. There is no indication of any sort that Mr. Lipscomb was directly involved in the transportation or actual distribution of drugs nor did he have any authority to make any policy decisions.

At the time of the arrest he was in the presence of Padron Thomas, who admitted that the firearm and cash found outside of Mr. Lipscomb's apartment were his and the marijuana found inside Mr. Lipscomp's apartment was his. As stated in the PSI, "there is no evidence therefore,

2

Lipscomb possessed the weapon or knew about the $28,900.00. Accordingly, he is not accountable for the firearm."

Although Mr. Lipscomb has a V criminal history, much of his problems were due to his addiction to marijuana which he "used the drug nearly every day." Lipscomb asserts his use of marijuana contributed to his failures. He even lost a full, football scholarship to Iowa University through bad behavior which he attributes to his marijuana use. Ms. Alford indicates in the PSI that

"he would benefit from further participation in substance abuse treatment." (P. 24)

### 2. The Need for the Sentence Imposed to Promote Certain Statutory Objectives:

Because of Mr. Lipscomb's cooperation, he expects the U.S. Attorney to file a 5K Motion for a downward departure of his sentence.

There is no question this offense was very serious due to the overall scope, quantity of drugs involved and the amount of money earned by some of the participants. However, Mr. Lipscomb's role was not as serious as many of the other participants. Consequently, a ten year minimum would not reflect the seriousness as it pertains to Mr. Lipscomb and would not be just punishment for the offense. This defendant feels that the guidelines would be more indicative of a proper sentence to be discussed further in this Memorandum. This would still act as an adequate deterrence to criminal conduct, would protect the public from further crimes of Mr. Lipscomb and would provide him with a needed drug treatment program.

### 3. The Kinds of Sentences Available

Since alternatives to incarceration are not applicable in this case, Mr. Lipscomb

would ask the court to impose a sentence as light as possible and if considering the guidelines, the lower end of the guideline range.

Further, Mr. Lipscomb would request the court to allow him to participate in a drug program to cope with his addiction to marijuana. He would also request the court to recommend a facility as close to Cincinnati as possible do to the fact that his children and extended family all remain in the Cincinnati area.

**4.     Sentencing Range Established by the Sentencing Commission**

The minium term of imprisonment for Ct. 1 is ten years in prison and the maximum term of imprisonment is life in prison. However, as stated above, the defendant expects the Attorney General to file a 5K Motion which would then eliminate the need for the ten year minimum sentence. Consequently, the guidelines would play an important part in this court's sentence.

Mr. Lipscomb's total offense level suggested in the PSI is 19 which reflects a 3 level decrease for acceptance of responsibility. With a criminal history category of V, his guidelines sentence would then fall in the range of 57 to 71 months.

Mr. Lipscomb has objected to the probation officer's determination that his offense level should not be reduced or adjusted for his role in the offense under U.S.S. G.§3B1.2. The PSI suggest that Mr. Lipscomb's role in the offense was "neither aggravating nor mitigating". It is necessary to examine all the circumstances and facts to determine if this is accurate.

In the introductory commentary to §3B1.1, the Commission states that the determination of a defendant's role in the offense is to be made on the basis of conduct within the scope of §1B1.3 (relevant conduct).

In the application notes to §1B1.3 the Commission states that a defendant is accountable for the conduct of others in the furtherance of the jointly undertaken criminal activity; but further states that under (a)(1)(B) the court must determine the scope of the criminal activity the defendant agreed to jointly undertake, i.e. the scope of the specific conduct and objectives embraced by the defendant's agreement.

Furthermore, the defendant's relevant conduct does not include the conduct of members of the conspiracy prior to the defendant joining even if the defendant knew of that conduct.

Mr. Lipscomb had joined the conspiracy approximately three months before his arrest. He had known some of the participants in the conspiracy or had heard of certain individuals in the conspiracy but had not been involved with them in any criminal activity. He was approached by members of the conspiracy solely for the purposes of using his apartment to store and package the drugs involved.

The defendant's agreement with the conspiracy was that he would open up his apartment for their use and be compensated in the amount of $2,000.00 for his risk in letting them use his apartment. This was the sole scope of his agreement. He would participate no further in selling, distributing or otherwise taking part in the conspiracy outside of his apartment. He would receive no further consideration than the $2,000.00 promised to him which he never received.

The commentary to §3B1.2 asserts that it provides a range for adjustment for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant. Certainly, Mr. Lipscomb was less culpable than many members of the conspiracy since he did not know that extent of the conspiracy, the

5

monies involved, the number of conspirators and the amount of activity encompassed by the conspiracy.

Mr. Lipscomb should receive a decrease in the offense level due to his minimal or minor participation in this criminal activity. The defendant ask the court to reduce its guideline range by three levels to 16 and 41-51 months.

**5.     The Need to Avoid Unwarranted Disparities**

Mr. Lipscomb argues that his case would not create a disparity with other persons involved in this case or other similar situated defendants in other cases since the factual determinations made in each case determine inappropriate application of the guidelines and other sentence in criteria. This court would only be following those criteria to form a reasonable sentence.

**6.     The Need to Provide Restitution to any Victims of the Offense**

There is no restitution issues in this case.

## CONCLUSION

Mr. Lipscomb entered into a plea agreement and plead guilty to this offense. He has accepted his responsibilities for his actions. As compared to other participants, his role in the offense was minimal.

Although he has a serious criminal history, much of his life and prior criminal activity were influenced by his addiction to marijuana which has basically destroyed his life. A 5K departure from the statutory minimum and a lower guideline range would fulfill and promote the statutory objections.

                                              Respectfully submitted,

       /s/ Michael J. Wiethe
Michael J. Wiethe, (0002219)
Attorney for Defendant,
Ceran Lipscomb
30 Garfield Place, Ste. 905
Cincinnati, Ohio 45202
(513) 241-7332
mjwiethe@fuse.net

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was electronically sent to Kenneth L. Parker, Assistant United States Attorney, at Kenneth.parker@usdoj.gov this 6th day of May, 2009.

       /s/ Michael J. Wiethe
Michael J. Wiethe
Attorney for Defendant, Ceran Lipscomb

7